IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TONY BLANCARTE, JR., #30225-077 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:12cv659 |
| | § | CRIMINAL ACTION NO. 4:09cr23(5) |
| UNITED STATES OF AMERICA | § | |

## ORDER OF DISMISSAL

This civil action was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation concluding that the motion to vacate, set aside, or correct sentence should be denied and dismissed with prejudice. Movant, with the assistance of counsel, filed objections. The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of the case, has been presented for consideration. The court conducted a *de novo* review of the objections to the Report, and finds that they are without merit.

In Movant's objections, he complains that issue #4 should have been addressed within the framework of an ineffective assistance of counsel claim. In the Report, the Magistrate Court determined issue #4 was procedurally barred for Movant's failure to raise it on direct appeal. A review of Movant's § 2255 motion shows that the issue was framed as, "Whether there was a lack of conspiracy between Movant and confidential informant," whereas his first three issues were each framed as, "Whether Counsel was Ineffective in . . . ." Regardless, the outcome remains unchanged even if the court were to reframe issue #4 as, "Whether counsel was ineffective in failing to pursue a motion to suppress the arrest and subsequent search as based on the confidential informant's information because there was a 'lack of conspiracy between movant and confidential informant.'"

1

The record shows that Movant pleaded guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. In the Statement of Facts, Movant admitted that he and one or more persons made an agreement to knowingly and intentionally possess, with the intent to distribute and dispense, at least 5 kilograms, but less than 15 kilograms, of cocaine. He admitted that he knew the unlawful purpose of the agreement, but joined in it with the intent to further it. He admitted that his role was to receive varying amounts of cocaine from several sources of supply and then distribute it to several co-defendants in the Eastern and Northern Districts of Texas. Finally, Movant admitted that he agreed to sell 2 kilograms of cocaine to a confidential informant.

The Report shows that the District Court found Movant's plea was knowing and voluntary. The Fifth Circuit affirmed and held that the District Court did not abuse its discretion in denying Movant's motion to withdraw his guilty plea. Then, the Magistrate Judge, after considering the plea hearing, the Consent, the Statement of Facts, and the Findings of Fact, also concluded that Movant's plea was knowing and voluntary. This court agrees.

In cases where the record establishes that the defendant understood the nature of the charge against him and the direct consequences of his act, the rudimentary demands of a fair proceeding and a knowing, voluntary plea are satisfied. *Wright v. United States,* 624 F.2d 557, 561 (5th Cir. 1980); *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983) (if a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review). "A guilty plea, since it admits all the elements of a formal criminal charge, waives all non-jurisdictional defects in the proceedings against a defendant." *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982). Consequently, Movant's issue #4,

as reframed as an ineffective assistance of counsel claim, is waived. *Id*.

Having conducted a *de novo* review of Movant's objections, the court finds that they are without merit. The court concludes that the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the court. It is

**ORDERED** that the motion to vacate, set aside, or correct sentence is **DENIED** and Movant's case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. Finally, it is

**ORDERED** that all motions by either party not previously ruled on are hereby **DENIED**.
**SIGNED this 16th day of March, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE